IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

CEDARAPIDS, INC.            )
                            )
v.                          )    NO. 3:02-1243
                            )    JUDGE CAMPBELL
JOHNSON CRUSHERS            )
INTERNATIONAL, INC., et al. )

MEMORANDUM

Pending before the Court is Defendants' Motion for Reconsideration of the Constructions of the Disputed Claim Terms (Docket No. 208). For the reasons stated herein, the Motion (Docket No. 208) is DENIED.

By Order filed July 13, 2005 (Docket No. 202), the Court directed the parties to file briefs on the question of what effect, if any, the case of Phillips v. AWH Corp., et al, ____ F. 3d ____, No. 03-1269, 2005 WL 1620331 (Fed. Cir. July 12, 2005) has on the pending summary judgment motions.

Plaintiff responded to the Court's Order by stating that Phillips has no effect either on the pending summary judgment motions or the Court's claim constructions as set forth in the Court's Order and Memorandum entered February 25, 2005 (Docket Nos. 138 and 139).

Defendants responded to the Court's Order by filing a motion to reconsider the Court's constructions of the disputed claim terms pursuant to Rule 60 of the Federal Rules of Civil Procedure. Defendants argue that the Phillips decision compels the Court to reconsider its construction of disputed claim terms and to stay action on all pending motions for partial summary judgment until after the Court has reconsidered its constructions of the claim terms. More specifically, Defendants argue that the claims construction approach adopted by the Court

appears on its face to unduly emphasize the significance of dictionary definitions and improperly minimize the significance of the intrinsic evidence of record in contravention of Phillips.

The Federal Circuit in Phillips, restated its long held basic principles of claim construction. The Phillips Court reiterated the "bedrock principle" of patent law that the "claims of a patent define the invention to which the patentee is entitled the right to exclude, " and that "the words of a claim are generally given their ordinary and customary meaning, that is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." Phillips, 2005 WL 1620331 at *4 -*5 (internal quotations and citations omitted). To that end, the person of ordinary skill in the art is deemed to read a claim term in the context of the entire patent, including its use in the asserted claim, the language of other claims, the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms and the state of the art. Id. at *5 - *9.

The Phillips Court also clarified the role of dictionaries in the claims construction process. Of particular importance in Phillips was the Federal Circuit's disavowal of the importance placed on dictionary definitions in its decision in Texas Digital Systems, Inc. v. Telegenix, Inc., 308 F. 3d 1193 (Fed. Cir. 2002). In Texas Digital, great emphasis was given to the dictionary definition of claim terms, and a less prominent role was assigned to the specification and the prosecution history. The Phillips Court cautioned that the effect of the Texas Digital approach was to improperly restrict the role of the specification in the claims construction process. Id. at *13. The Phillips Court stated that, "in effect, the Texas Digital approach limits the role of the specification in claim construction to serving as a check on the dictionary meaning of a claim term if the specification requires the court to conclude that fewer

than all the dictionary definitions apply, or if the specification contains a sufficiently specific alternative definition or disavowal." Id. The Phillips Court also stated that "if the district court starts with the broad dictionary definition in every case and fails to fully appreciate how the specification implicitly limits that definition, the error will systematically cause the construction of the claim to be unduly expansive. The risk of systematic overbreadth is greatly reduced if the court instead focuses at the outset on how the patentee used the claim term in the claims, specification, and prosecution history, rather than starting with a broad definition and whittling it down." Id. at *14.

While critical of the emphasis place upon the dictionary definition of claim terms in Texas Digital, the Federal Circuit in Phillips noted that dictionaries can be used appropriately in the claims construction process in that "dictionaries or comparable sources are often useful to assist in understanding the commonly understood meaning of words and have been used both by our court and the Supreme Court in claim interpretation." Id. at *15. Furthermore, the Federal Circuit recognized that "judges are free to consult dictionaries and technical treatises 'at any time in order to better understand the underling technology and may also rely on dictionary definitions when construing claim terms so long as the dictionary definition does not contradict any definition found in or ascertained by reading of the patent documents.'" Id. (quoting Vitronics Corp. v. Conceptronic, Inc., 90 F. 3d 1576, 1584 n. 6 (Fed. Cir. 1996)). In addition, the Phillips Court recognized that "the sequence of steps used by the judge in consulting various sources is not important' what matters is for the court to attach the appropriate weight to be assigned to those sources in light of the statutes and policies that inform patent law." Id. at *16 (citing Vitronics, 90 F. 3d at 1582). "For example, a judge who encounters a claim term while

3

reading a patent might consult a general purpose or specialized dictionary to begin to understand the meaning of the term, before reviewing the remainder of the patent to determine how the patentee has used the term." Id.

The Court finds that its constructions of the disputed claim terms (Docket Nos. 138 and 139) comport with the principles of claim construction prescribed by the Federal Circuit in Phillips. Any reliance by the Court on dictionary definitions for purposes of claim construction was not, as asserted by Defendants, undue, but simply for the purpose of assisting the Court in understanding the commonly understood meaning of the words of the claims, and of secondary importance to the meaning of the claims terms as found in the intrinsic record.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE