IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE


| | |
|---|---|
| CEDARAPIDS, INC. ) | |
| ) | |
| v. ) | NO. 3:02-1243 |
| ) | JUDGE CAMPBELL |
| JOHNSON CRUSHERS ) | |
| INTERNATIONAL, INC., et al. ) | |

MEMORANDUM

Pending before the Court is Cedarapids' Motion for Partial Summary Judgment of Infringement of the '981 and '306 Patents (Docket No. 148). Also pending before the Court is: 1) Defendants' Motion for Partial Summary Judgment of Noninfringement as to Claims 11, 15, 16 and 17 of the '981 Patent and Claims 1, 2, 3, 5, 6, and 17 of the '306 Patent (Docket No. 163); and 2) Defendants' Motion for Oral Argument (Docket No. 163).

Cedarapids' Motion for Partial Summary Judgment (Docket No. 148) is DENIED. Defendants' Motion for Partial Summary Judgment (Docket No. 163) is DENIED. Defendants' Motion for Oral Argument (Docket No. 163) is DENIED.

FACTS

Plaintiff Cedarapids, Inc. ("Cedarapids") asserts that Defendants Johnson Crushers International, Inc. ("JCI") and Kolberg-Pioneer, Inc. ("KPI") have infringed two patents owned by Cedarapids. The patents at issue are U.S. Patent No. 5,875,981 (the "'981 Patent") and U.S. Patent No. 5,971,306 (the "'306 Patent") (collectively the "Patents-in-Suit"). The '981 Patent and the '306 Patent relate to a gyratory cone crusher having tramp iron relief which is a type of heavy equipment used to crush rock and stone into smaller pieces of aggregate material (Docket No. 123 at 1, Docket No. 119 at 2 and Plaintiff's Markman Ex. 1 and 2). Cedarapids asserts

infringement of Claims 11, 15, 16 and 17 of the '981 Patent and Claims 1, 2, 3, 5, 6, 8, 10, 11, 13, 15, 16, 17, 18, and 19 of the '306 Patent (Plaintiff's Markman Exs. 26 and 27).

Cedarapids is the assignee of the Patents-in-Suit and is headquartered in Cedar Rapids, Iowa (Docket No. 186 at 24). Cedarapids develops and manufactures gyratory cone crushers, along with a wide range of heavy duty equipment used in the road building, and other, industries (Docket No. 186 at 24).

JCI is headquartered in Eugene, Oregon and designs, manufactures and sells aggregate processing equipment in competition with other participants in the industry, including Cedarapids (Docket No. 186 at 28). KPI is located in South Dakota and is in the business of selling, among other things, JCI's gyratory cone crushers (Docket No. 186 at 26). Both JCI and KPI are owned by Astec Industries, which is located in Chattanooga, Tennessee (Docket No. 186 at 25-26).

The claims relevant to the pending motions for summary judgment are as follows:

'981 Patent:

Claim 11.

A gyratory crusher for crushing material, comprising:

a frame;

a bonnet;

a gyratory head supported by the frame, the gyratory head spaced relative to the bonnet such that a crushing chamber is formed therebetween;

a hydraulic channel formed integrally within the frame;

a hydraulic cylinder attached between the frame and the bonnet, the hydraulic cylinder

2

being connected to the hydraulic channel so as to be in hydraulic communication therewith; and

a hydraulic accumulator in hydraulic communication with the hydraulic channel, the hydraulic cylinder, the hydraulic accumulator and the hydraulic channel being arranged to allow uncrushable material to automatically pass through the crushing chamber.

Claim 15.

A gyratory crusher for crushing material, comprising:

a frame, the frame including a hydraulic channel integrally formed within the frame;

a bonnet and a gyratory head supported by the frame, the gyratory head spaced relative to the bonnet such that a crushing chamber is formed therebetween, the bonnet being adjustably mounted to the frame to permit relative vertical movement between the bonnet and the gyratory head; and

a hydraulic relief system, the hydraulic relief system including a hydraulic cylinder operatively interconnecting the bonnet and the frame and being in flow communication with the hydraulic channel, the hydraulic relief system being arranged to allow uncrushable material to automatically pass through the crushing chamber.

Claim 16 (Depends from Claim 15).

The device of Claim 15, wherein the frame includes an upper frame portion and a lower frame portion, the upper portion supporting the bonnet and the lower frame portion supporting the gyratory head, the upper and lower frame portions being adapted for relative vertical adjustment.

Claim 17 (Depends from Claim 16).

The device of Claim 16, wherein the hydraulic channel is a manifold formed integrally

within the frame.

(Plaintiff's Markman Exhibit 26).

'306 Patent:

Claim 1.

> A gyratory crusher for crushing material, comprising:
>
> a frame, the frame including a circumferential manifold ring having an internal hydraulic channel;
>
> a bonnet and a gyratory head supported by the frame, the gyratory head being spaced relative to the bonnet such that a crushing chamber is formed therebetween, the bonnet being adjustably mounted to the frame to permit relative vertical movement between the bonnet and the gyratory head; and
>
> a hydraulic relief system operatively interconnecting the bonnet and the frame and being in flow communication with the hydraulic channel, the hydraulic relief system being arranged to allow uncrushable material to automatically pass through the crushing chamber.

Claim 2 (Depends from Claim 1).

> The gyratory crusher of Claim 1, wherein the hydraulic relief system includes at least one hydraulic cylinder.

Claim 3 (Depends from Claim 2).

> The gyratory crusher of Claim 2, wherein the hydraulic relief system includes at least one hydraulic accumulator in flow communication with the hydraulic cylinder and the hydraulic channel.

Claim 5 (Depends from Claim 1).

4

The gyratory crusher of Claim 1, wherein the manifold ring includes a first annular portion and a second annular portion, at least one of the first and second annular portions including an annular groove, such that the internal hydraulic channel is formed between the first and second annular portions.

Claim 6 (Depends from Claim 5).

The gyratory crusher of Claim 5, wherein each of the first and second annular portions includes a groove.

Claim 17.

A gyratory crusher for crushing material, comprising a frame;

a bonnet and a gyratory head supported by the frame, the gyratory head being spaced relative to the bonnet such that a crushing chamber is formed therebetween, the bonnet being adjustably mounted to the frame to permit relative vertical movement between the bonnet and the gyratory head;

a rigid annular manifold integrally formed with and surrounding a portion of the frame, a portion of the annular manifold defining an internal hydraulic channel; and

a hydraulic relief system, the hydraulic relief system including a hydraulic cylinder operatively interconnecting the bonnet and the frame and being in flow communication with the hydraulic channel, the hydraulic relief system being arranged to allow uncrushable material to automatically pass through the crushing chamber.

Claim 18.

A gyratory crusher for crushing material, comprising:

a frame;

a bonnet and a gyratory head supported by the frame, the gyratory head being spaced relative to the bonnet such that a crushing chamber is formed therebetween, the bonnet being adjustably mounted to the frame to permit relative vertical movement between the bonnet and the gyratory head;

a first annular ring being attached to and surrounding a portion of the frame, a portion of the first annular ring having a peripheral groove;

a second annular ring rigidly secured to the first annular ring, the second annular ring being generally concentric with the first annular ring and enclosing the groove thereby forming an internal annular hydraulic channel; and

a hydraulic relief system, the hydraulic relief system including a hydraulic cylinder operatively interconnecting the bonnet and the frame and being in flow communication with the hydraulic channel;

whereby the hydraulic relief system permits uncrushable material to automatically pass through the crushing chamber.

(Plaintiff's Markman Ex. 27).

The Court held a Markman hearing and subsequently issued a Memorandum opinion (Docket No. 138) in which the Court construed the disputed claim terms of the '981 Patent and the '306 Patent. At issued were the following claim terms of the '981 Patent and the '306 Patent: 1) "Frame"; 2) "Formed Integrally Within"; 3) "Integrally Formed Within"; 4) "Integrally Formed With"; 5) "Including"; 6) "Attached"; and 7) "Manifold". The Court construed the terms as follows:

"Frame": "the underlying structure of the cone crusher to which other constituent parts

may be fitted, attached or integrated."

"Formed integrally within" and "Integrally formed within": "created or constructed within or as a part of the frame."

"Integrally formed with": "created or constructed within or in combination with the frame."

"Attached": "fastened or affixed."

"Including": "to take in or comprise as a part of a whole."

"Manifold": "a fitting or a passage that has a plurality of openings for making connections."

There is no dispute between the parties as to the identity of the products accused of infringement: the JCI 1200LS, the JCI 1400 LS, the JCI 1400RA and the JCI Kodiak 300 and 400 (collectively the "Accused Devices") (Docket No. 149 at 1 and Docket No. 164 at 4).

The parties also do not dispute that the Accused Devices contain the following claim elements:

a "frame";

a "bonnet";

a "gyratory head supported by the frame, the gyratory head spaced relative to the bonnet such that a crushing chamber is formed there between";

"The bonnet being adjustably mounted to the frame to permit relative movement between the bonnet and the gyratory head";

"a hydraulic relief system, the hydraulic relief system including a hydraulic cylinder operatively interconnecting the bonnet and the frame and being in flow communication with the

7

hydraulic channel, the hydraulic relief system being arranged to allow uncrushable material to automatically pass through the crushing chamber."
(Docket No. 186 at 5-6).

In addition, the parties agree that with respect to Claim 15 of the '981 Patent, the only dispute that remains is whether the frame "include[es] a hydraulic channel integrally formed within the frame". With respect to Claim 1 of the '306 Patent, the only dispute that remains is whether the frame "includ[es] a circumferential manifold ring having an internal hydraulic channel." With respect to Claim 18 of the '306 Patent as to the LS crushers only, the only dispute that remains is whether those crushers have a first annular ring that is "attached to and surrounding a portion of the frame." (Docket No. 186 at 6-7).[1]

Cedarapids has filed its motion for partial summary judgment (Docket No. 148) arguing that there are no disputed factual issues that the Accused Devices manufactured by JCI literally infringe Claims 15, 16 and 17 of the '981 Patent and Claims 1 and 18 of the '306 Patent.

Similarly, Defendants have filed a motion for partial summary judgment (Docket No. 163) as to Claims 11, 15, 16 and 17 of the '981 Patent and Claims 1, 2, 3, 5, 6, and 17 of the '306 Patent arguing that the Accused Devices do not meet all the limitations of the claims as construed by the Court.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] Cedarapids asserts that Claims 16 and 17 of the '981 Patent depend from independent Claim 15 and thus include the disputed limitation of Claim 15.

8

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## ANALYSIS

"'A determination of infringement is a two-step process. The court must first correctly construe the asserted claims, and then compare the properly construed claims to the allegedly infringing devices, systems, or methods.'" Seachange Int'l, Inc. v. C-Cor, Inc., 413 F. 3d 1361, 1377 (Fed. Cir. 2005) (quoting NTP, Inc. v. Research In Motion, Ltd., 392 F. 3d 1336, 1358 (Fed. Cir. 2004), overruled on other grounds by, ____ F. 3d ___ (Fed. Cir. 2005)). "'To prove infringement, the patentee must show that the accused devices meets each claim limitation either literally or under the doctrine of equivalents.'" Id. (quoting Catalina Mktg. Int'l v. Coolsavings.com, Inc., 289 F. 3d 801, 807-08 (Fed. Cir. 2002)). Proof of literal infringement requires proof that "the accused device contains every limitation of the asserted claims." Riles v. Shell Exploration and Production Co., 298 F. 3d 1302, 1308 (Fed. Cir. 2002) (quoting Mas-Hamilton Group v. LaGard, Inc., 156 F. 3d 1206, 1211, 48 USPQ2d 1010, 1014-15 (Fed. Cir.

9

1998)). Proof of infringement under the doctrine of equivalents requires proof that the accused device contains an equivalent for each limitation not literally satisfied. Catalina Mktg. Int'l, 289 F. 3d at 812 (citing Dawn Equipment Co. v. Kentucky Farms, 140 F. 3d 1009, 1015, 46 USPQ2d 1109, 1113 (Fed. Cir. 1998)). A determination of infringement, whether literal or under the doctrine of equivalents, is a questions of fact. Boss Control, Inc. v. Bombardier, Inc., 410 F. 3d 1372, 1376 (Fed. Cir. 2005) (quoting Bai v. L&L Wings, Inc., 160 F. 3d 1350, 1353 (Fed. Cir. 1998)).

1. Cedarapids' Partial Motion for Summary Judgment.

In support of its motion for partial summary judgment, Cedarapids asserts that all of the Accused Devices contain all of the elements of Claims 15-17 of the '981 Patent and Claims 1 and 18 of the '306 Patent. More particularly, Cedarapids argues that application of the Court's claim constructions to the claims at issue fully demonstrates that the Accused Devices literally infringe these claims.

With respect to Claims 15 of the '981 Patent, Cedarapids argues that, despite the dispute between the parties whether the frame of the Accused Devices "includ[es] a hydraulic channel integrally formed within the frame", application of the Court's construction of the terms "frame" and "integrally formed within" to the claim terms fully demonstrates that the Accused Devices literally infringe Claim 15. Specifically, Cedarapids asserts that it is clear that the hydraulic channels of the Accused Devices are an underlying structure of the crushers to which other components, such as hydraulic cylinders and accumulators, are attached, and which are constructed as part of a multi-piece frame. In other words, with respect to Claim 15 of the '981 Patent, Cedarapids asserts that the manifold ring of the Accused Devices is part of the frame of

the cone crushers and that the hydraulic channel is integrally formed therein or formed integrally therein. In addition, with respect to Claims 16 of the '981 Patent, Cedarapids asserts that it is clear that the frames of the Accused Devices have an upper frame portion and a lower frame portion, wherein the upper frame portion supports the bonnet and the lower frame portion supports the gyratory head, with the upper and lower frame sections being adapted for relative vertical adjustment. With respect to Claim 17 of the '981 Patent, Cedarapids argues that there is no dispute that the hydraulic channel in the Accused Devices is a manifold.

Similarly, with respect to Claim 1 of the '306 Patent, Cedarapids argues that, despite the dispute between the parties whether frame "includ[es] a circumferential manifold ring having an internal hydraulic channel", application of the Court's construction of the term "including" to the claims at issue fully demonstrates that the manifold rings of the cone crushers are included in the frame of the crushers. In other words, Cedarapids asserts that because the manifold ring of the Accused Devices is a structural member to which other constituent components are attached, the frame includes a circumferential manifold ring and, thus, the Accused Devices contain all elements of Claim 1 of the '306 Patent.

Finally, with respect to Claim 18 of the '306 Patent, Cedarapids asserts that there is no dispute over whether JCI's RA and Kodiak cone crushers contain all elements of the claim and that the only remaining dispute between the parties is whether the LS crushers have a first annular ring that is attached to and surrounding a portion of the frame. Cedarapids further asserts that application of the commonly understood meaning of the term "surround" indicates that the LS crushers contain all elements of Claim 18, even under the narrow construction of the term proposed by Defendants. More specifically, Cedarapids asserts that the term surround

11

means "to extend around the margin or edge of: ENCIRCLE", and that it is plain that the manifold ring of the LS crushers surrounds a portion of the frame when looking from the top of the crusher down. In addition, Cedarapids asserts that even if the crusher is viewed from the side, as Cedarapids argues is the viewpoint Defendants' construction of the term mandates, the first annular ring still surrounds a portion of the frame in that it surrounds the second annular ring, a frame member in and of itself.

In response to Cedarapids' assertions, Defendants argue that the Accused Devices do not infringe Claims 15, 16, and 17 of the '981 Patent because the manifold that forms the hydraulic channel of the tramp iron relief system is not created or constructed within or as a part of the underlying structure of the Accused Devices. Instead, Defendants' argue that the hydraulic manifold is one of the other "constituent parts" of the cone crushers that may be fitted, attached or integrated to the frame. More particularly, Defendants assert that the hydraulic manifold of the Accused Devices is manufactured separately from the base frame of the crushers, the underlying structure of the Accused Devices, and can be easily removed without damaging or destroying any components of the crushers. Still further, Defendants assert that the hydraulic channel/manifold of the Accused Devices is spaced apart from the base frame of the crushers by a gap or open space. To support their position, Defendants cite to a Layout drawing of the Accused Devices and the deposition testimony of Cedarapids' expert, Jerry Hall ("Hall"), to discredit Cedarapids' argument that the hydraulic channel of the crushers is part of the underlying frame of the Accused Devices (Docket No. 185, Ex. 5 & 6).

Similarly, with respect to Claim 1 of the '306 Patent, Defendants assert that because the underlying structure of the crushers does not take in or comprise as a part of a whole the

manifold that forms the hydraulic channel of the tramp iron relief system, the Accused Devices do not include all of the limitations of the claim as construed by the Court.

Finally, with respect to Claim 18 of the '306 Patent, Defendants argue that because the manifold that forms the hydraulic channels of the tramp iron relief system does not surround a portion of the underlying structure of the crushers, the Accused Devices do not infringe Claim 18 of the '306 Patent.  More particularly, Defendants argue that the manifold of the LS cone crushers surrounds a portion of the upper assembly or bonnet support of the cone crusher, and not the underlying structure of the crusher.  To support their position, Defendants cite to a drawing of the LS cone crusher which Defendants argue shows that the tramp iron relief system is located above the underlying structure of the cone crusher (Docket No. 164 at Ex. 7).

The Court finds that the positions of the parties on summary judgment are merely an extension of the arguments advanced at the Markman hearing over what elements of the Accused Devices are load bearing and part of the frame.  As noted earlier, the Court found neither parties' argument particularly persuasive (Docket No. 138 at 12).  Given the continued dispute over what elements of the Accused Devices are part of the frame, the Court finds that questions of fact remain for determination at trial whether the Accused Devices contain all elements of Claims 15-17 of the '981 Patent and Claims 1 and 18 of the '306 Patent.

2.  Defendants' Motion for Partial Summary Judgment.

Defendants have also requested partial summary judgment of non infringement as to Claims 11, 15, 16 and 17 of the '981 Patent and Claims 1, 2, 3, 5, 6, and 17 of the '306 Patent. In support of their motion, Defendants argue that none of the Accused Devices include a tramp iron relief system having a hydraulic channel/manifold that is "formed integrally within" or

13

"integrally formed within" the frame because the Accused Devices do not include a hydraulic channel/manifold that is created or constructed within or as a part of the underlying structure of the cone crusher.  Simply put, Defendants argue that the hydraulic channel/manifold of the Accused Devices is not a part of the frame.  Similarly, Defendants argue that the Accused Devices do not infringe Claims 1, 2, 3, 5, and 6 of the '306 Patent because the Accused Devices do not include a frame including a hydraulic channel/manifold.  Finally, Defendants argue that the Accused Devices do not infringe Claim 17 of the '306 Patent because the Accused Devices do not include a hydraulic channel/manifold that is created or constructed within or in combination with the underlying structure of the cone crusher.

As with Cedarapids' motion for partial summary judgment, given the continued dispute between the parties as to what elements of the Accused Devices constitute a part of the frame, the Court finds that questions of fact remain for determination at trial whether the Accused Devices infringe Claims 11 and 15-17 of the '981 Patent and Claims 1, 2, 3, 5, 6 and 17-18 of the '306 Patent.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE